B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

### Central District of California

In re  Russell Kidder                          ,         Case No.  2:11-bk-25322-TD
                    **Debtor**

                                                         Chapter  7

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 0.00 | | |
| B - Personal Property | Yes | 10 | $ 20,931.46 | | |
| C - Property Claimed as Exempt | Yes | 12 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 7,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | $ 78,781.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 5 | | $ 949,149.56 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | $ 4,000.00 |
| J - Current Expenditures of Individual Debtors(s) | Yes | 1 | | | $ 3,980.00 |
| TOTAL | | 37 | $ 22,931.46 | $ 1,034,930.56 | |



FILED

APR 2 1 2011

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                          Deputy Clerk

B 6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## Central District of California

In re  Russell Kidder                              ,                    Case No.   2:11-bk-25322-TD
               Debtor

Chapter  7

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☑ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| TOTAL | $ |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $ |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

# United States Bankruptcy Court

# Central District of California

**In re Russell Kidder**
**Debtor**

Case No.    2:11-bk-25322-TD

Chapter    7

Schedules A - J

B6A (Official Form 6A) (12/07)

In re <u>Russell Kidder</u>_____,          Case No. <u>2:11-bk-25322-TD</u>_____
              **Debtor**                                                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total▶ | 0.00 | |

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re  **Russell Kidder** _____,    Case No.  **2:11-bk-25322-TD** _____
        **Debtor**                                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | Cash - 1100 So. Hope St., #712, Los Angeles | | 16.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | US Bank checking account acct. no. 153460957886 21181 Newport Coast Drive Newport Coast, CA 92657 | | 0.46 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Security deposit with landlord, Dr. David Kwon 5101 Lundsford Dr., Los Angeles, CA 90041 | | 4,600.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | See attachment | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | See attachment | | |
| 6. Wearing apparel. | | Miscellaneous clothing | | 500.00 |
| 7. Furs and jewelry. | | Watch | | 500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re _Russell Kidder_____,     Case No. _2:11-bk-25322-TD___
　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | See attachment | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | Work in progress | | 1,000.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

B 6B (Official Form 6B) (12/07) -- Cont.

In re  <u>Russell Kidder</u>                              ,        Case No.  <u>2:11-bk-25322-TD</u>
                    **Debtor**                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | See attachment | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

                    <u>  7  </u> continuation sheets attached    Total▶    $        22,931.46

                    (Include amounts from any continuation
                    sheets attached. Report total also on
                    Summary of Schedules.)

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Attachment to Schedule B
Item No. 2

|  |  |
|---|---|
| US Bank savings account<br>Acct.  no. 253453402799<br>21181 Newport Coast Drive<br>Newport Coast, CA 92657 | $      5.00 |
| Pension Financial Services, Inc.<br>Acct. no. 31000037<br>1700 Pacific Avenue, Ste. 1400<br>Dallas, TX 75201 | 500.00 |
| Total of Attachment to Schedule B – Item No. 2 | $ 505.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Attachment to Schedule B
Item No. 4
1 of 3 pages

**All items located at 1100 So. Hope St.
#712, Los Angeles, CA 90015

| | |
|---|---|
| Bed – queen size | $500.00 |
| Headboard – queen | 200.00 |
| Bench | 50.00 |
| Nightstand 1 | 50.00 |
| Nightstand 2 | 50.00 |
| Dresser 1 | 50.00 |
| Dresser 2 | 50.00 |
| Dresser 3 | 50.00 |
| Dresser 4 | 50.00 |
| Table Lamp 1 | 35.00 |
| Table Lamp 2 | 35.00 |
| Table Lamp 3 | 75.00 |
| Table Lamp 4 | 50.00 |
| Desk Lamp 1 | 15.00 |
| Upholstered Chair 1 | 250.00 |
| Upholstered Chair 2 | 250.00 |
| Upholstered Chair 3 | 400.00 |
| Sofa | 500.00 |
| Dining table | 500.00 |
| Dining chair 1 | 50.00 |
| Dining chair 2 | 50.00 |
| Dining chair 3 | 50.00 |
| Dining chair 4 | 50.00 |
| Dining chair 5 | 75.00 |
| Dining chair 6 | 75.00 |
| Television 1 | 200.00 |
| Television 2 | 100.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Attachment to Schedule B
Item No. 4
2 of 3 pages

| | |
|---|---|
| Television stand | 100.00 |
| Stereo | 100.00 |
| Dining room cabinet | 100.00 |
| Side table 1 | 50.00 |
| Side table 2 | 50.00 |
| Sofa table | 75.00 |
| Bar table | 75.00 |
| Bar stool 1 | 25.00 |
| Bar stool 2 | 25.00 |
| Kitchen work table | 150.00 |
| 3 – miscellaneous pots | 75.00 |
| 8 – miscellaneous storage baskets | 200.00 |
| Bathroom storage rack | 50.00 |
| Miscellaneous bedding, towels | 200.00 |
| Miscellaneous kitchen equipment | 200.00 |
| Miscellaneous kitchen pots and utensils | 200.00 |
| Phone | 50.00 |
| Laptop computer | 150.00 |
| Cell phone | 100.00 |
| Tablet computer | 500.00 |

***All items located in storage at B&C Moving, Inc.
71 Argonaut, Aliso Viejo, CA 92656

| | |
|---|---|
| Sofa | $100.00 |
| Chair  1 | 50.00 |
| Chair  2 | 50.00 |
| Side table 1 | 50.00 |
| Side table 2 | 50.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Attachment to Schedule B
Item No. 4
3 of 3 pages

| | | |
|---|---|---:|
| Tea cart | $ | 100.00 |
| TV cabinet | | 100.00 |
| China cabinet | | 100.00 |
| Mirror | | 100.00 |
| Patio table | | 150.00 |
| Patio chair 1 | | 75.00 |
| Patio chair 2 | | 75.00 |
| Lamp 1 | | 25.00 |
| Lamp 2 | | 25.00 |
| Sofa table | | 100.00 |
| BBQ | | 100.00 |
| Dining chair 1 | | 75.00 |
| Dining chair 2 | | 75.00 |

Total of Attachment to Schedule B – Item No. 4        $7,485.00

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Attachment to Schedule B
Item No. 5
1 of 1 page

**All items located at 1100 So. Hope St.
#712, Los Angeles, CA 90015

| | |
|---|---:|
| Clock | $500.00 |
| Print 1 | 50.00 |
| Print 2 | 50.00 |
| Print 3 | 100.00 |
| Print 4 | 75.00 |
| Print 5 | 75.00 |
| Print 6 | 150.00 |
| Print 7 | 50.00 |
| Print 8 | 50.00 |
| Brass rubbing – framed | 400.00 |
| Document – framed | 100.00 |
| Silk fabric – framed | 100.00 |

Total of Attachment to Schedule B – Item No. 5          $1,700.00

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Attachment to Schedule B
Item No. 13
1 of 1 page

> \*\*All items located at 1100 So. Hope St.
> #712, Los Angeles, CA 90015

| | |
|---|---|
| 5,000 shares of Mesa Energy, Inc. common Stock, certificate no. 0627 – now equivalent to 10,000 shares of Mesa Energy Holdings, Inc.  Symbol MSEH | $1,200.00 |
| 500,000 shares of TRAC Financial Group, Inc. Common stock, certificate no. 6087 – now Equivalent to 25,000 shares of Avalon Capital Holdings Group, Inc. – non-trading | $-0- |
| 80,000 shares of Advansys Companies, Inc. Common stock, certificate nos. 32666 through 32669, inclusive. – non-trading | $-0- |
| 1,000,000 shares of Global NuTech, Inc. Common stock, certificate no. 11265-6. Symbol BOCL.  This stock is restricted and cannot be traded at this time.  It also secures a promissory note dated 2/10/11 in the amount of $7,000.00 | $5,000.00 |
| Total of Attachment to Schedule B – Item No. 13 | $6,200.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Attachment to Schedule B
Item No. 28

**All items located at 1100 So. Hope St.
#712, Los Angeles, CA 90015

| | |
|---|---:|
| Desk 1 | $ 75.00 |
| Desk 2 | 75.00 |
| File Cabinet | 25.00 |
| Rolling file cabinet 1 | 50.00 |
| Rolling file cabinet 2 | 50.00 |
| Fax machine | 100.00 |
| Miscellaneous supplies | 50.00 |
| | |
| Total of Attachment to Schedule B – Item No. 28 | $425.00 |

B 6C (Official Form 6C) (04/10)

In re  Russell Kidder _____,     Case No.  2:11-bk-25322-TD _____
                    Debtor                                        (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                          $146,450.*
☐  11 U.S.C. § 522(b)(2)
☑  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Cash on Hand | Cal. CCP Section 703.140(b)(5) | 16.00 | 16.00 |
| US Bank checking acct. no. 153460957886 | Cal. CCP Section 703.140(b)(5) | 0.46 | 0.46 |
| US Bank Savings acct. no. 253453402799 | Cal. CCP Section 703.140(b)(5) | 5.00 | 5.00 |
| Pension Financial Services Inc. acct. no.31000037 | Cal. CCP Section 703.140(b)(5) | 500.00 | 500.00 |
| Security deposit with landlord - Dr. David Kwon | Cal. CCP Section 703.140(b)(5) | 4,600.00 | 4,600.00 |
| Miscellaneous clothing | Cal. CCP Section 703.140(b)(3) | 500.00 | 500.00 |
| Watch | Cal. CCP Section 703.140(b)(4) | 500.00 | 500.00 |
| Work in Progress | Cal. CCP Section 703.140(b)(5) | 1,000.00 | 1,000.00 |
| ———— | ———— | 0.00 | 0.00 |
| ———— | ———— | 0.00 | 0.00 |
| ———— | ———— | 0.00 | 0.00 |

* Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Schedule C – Property Claimed as Exempt
Continuation page 1 of 11

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| 5,000 shares of Mesa Energy, Inc. common Stock, certificate no. 0627 – now equivalent to 10,000 shares of Mesa Energy Holdings, Inc.  Symbol MSEH | Cal. CCP 703.140(b)(1) | $1,200.00 | $1,200.00 |
| 500,000 shares of TRAC Financial Group, Inc. Common stock, certificate no. 6087 – now Equivalent to 25,000 shares of Avalon Capital Holdings Group, Inc – non-trading | Cal. CCP 703.140(b)(1) | -0- | -0- |
| 80,000 shares of Advansys Companies, Inc. Common stock, certificate nos. 32666 through 32669, inclusive. – non-trading | Cal. CCP 703.140(b)(1) | -0- | -0- |
| 1,000,000 shares of Global NuTech, Inc.   Common stock certificate no. 11265-6. Symbol BOCL. | Cal. CCP 703.140(b)(1) | 5,000.00 | 5,000.00 |
| Bed – queen size | Cal. CCP 703.140(b)(3) | 500.00 | 500.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Schedule C – Property Claimed as Exempt
Continuation page 2 of 11

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
| --- | --- | --- | --- |
| Headboard – queen | Cal. CCP 703.140(b)(3) | 200.00 | 200.00 |
| Bench | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Nightstand 1 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Nightstand 2 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Dresser 1 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Dresser 2 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Dresser 3 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Dresser 4 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Table Lamp 1 | Cal. CCP 703.140(b)(3) | 35.00 | 35.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Schedule C – Property Claimed as Exempt
Continuation page 3 of 11

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Table Lamp 2 | Cal. CCP 703.140(b)(3) | 35.00 | 35.00 |
| Table Lamp 3 | Cal. CCP 703.140(b)(3) | 75.00 | 75.00 |
| Table Lamp 4 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Desk Lamp | Cal. CCP 703.140(b)(3) | 15.00 | 15.00 |
| Upholstered Chair 1 | Cal. CCP 703.140(b)(3) | 250.00 | 250.00 |
| Upholstered Chair 2 | Cal CCP 703.140(b)(3) | 250.00 | 250.00 |
| Upholstered Chair 3 | Cal. CCP 703.140(b)(3) | 400.00 | 400.00 |
| Sofa | Cal. CCP 703.140(b)(3) | 500.00 | 500.00 |
| Dining table | Cal. CCP 703.140(b)(3) | 500.00 | 500.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Schedule C – Property Claimed as Exempt
Continuation page 4 of 11

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Dining chair 1 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Dining chair 2 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Dining chair 3 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Dining chair 4 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Dining chair 5 | Cal. CCP 703.140(b)(3) | 75.00 | 75.00 |
| Dining chair 6 | Cal. CCP 703.140(b)(3) | 75.00 | 75.00 |
| Television 1 | Cal. CCP 703.140(b)(3) | 200.00 | 200.00 |
| Television 2 | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |
| Television stand | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Schedule C – Property Claimed as Exempt
Continuation page 5 of 11

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Stereo | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |
| Dining room cabinet | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |
| Side table 1 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Side table 2 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Sofa table | Cal CCP 703.140(b)(3) | 75.00 | 75.00 |
| Bar table | Cal. CCP 703.140(b)(3) | 75.00 | 75.00 |
| Bar stool 1 | Cal. CCP 703.140(b)(3) | 25.00 | 25.00 |
| Bar stool 2 | Cal. CCP 703.140(b)(3) | 25.00 | 25.00 |
| Kitchen work table | Cal CCP 703.140(b)(3) | 150.00 | 150.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Schedule C – Property Claimed as Exempt
Continuation page 6 of 11

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| 3 – miscellaneous pots | Cal. CCP 703.140(b)(3) | 75.00 | 75.00 |
| 8 – miscellaneous storage baskets | Cal. CCP 703.140(b)(3) | 200.00 | 200.00 |
| Bathroom storage rack | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Miscellaneous bedding, towels | Cal. CCP 703.140(b)(3) | 200.00 | 200.00 |
| Miscellaneous kitchen equipment | Cal. CCP 703.140(b)(3) | 200.00 | 200.00 |
| Miscellaneous kitchen pots and utensils | Cal. CCP 703.140(b)(3) | 200.00 | 200.00 |
| Phone | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Laptop computer | Cal. CCP 703.140(b)(3) | 150.00 | 150.00 |
| Cell phone | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Schedule C -- Property Claimed as Exempt
Continuation page 7 of 11

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Tablet computer | Cal. CCP 703.140(b)(3) | 500.00 | 500.00 |
| Clock | Cal. CCP 703.150(b)(3) | 500.00 | 500.00 |
| Print 1 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Print 2 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Print 3 | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |
| Print 4 | Cal. CCP 703.140(b)(3) | 75.00 | 75.00 |
| Print 5 | Cal. CCP 703.140(b)(3) | 75.00 | 75.00 |
| Print 6 | Cal. CCP 703.140(b)(3) | 150.00 | 150.00 |
| Print 7 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Schedule C – Property Claimed as Exempt
Continuation page 8 of 11

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Print 8 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Brass rubbing – framed | Cal. CCP 703.140(b)(3) | 400.00 | 400.00 |
| Document – framed | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |
| Silk fabric – framed | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |
| Desk 1 | Cal. CCP 703.140(b)(6) | 75.00 | 75.00 |
| Desk 2 | Cal. CCP 703.140(b)(6) | 75.00 | 75.00 |
| File Cabinet | Cal. CCP 703.140(b)(6) | 25.00 | 25.00 |
| Rolling file cabinet 1 | Cal. CCP 703.140(b)(6) | 50.00 | 50.00 |
| Rolling file cabinet 2 | Cal. CCP 703.140(b)(6) | 50.00 | 50.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Schedule C – Property Claimed as Exempt
Continuation page 9 of 11

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Fax machine | Cal. CCP 703.140(B)(6) | 100.00 | 100.00 |
| Miscellaneous supplies | Cal. CCP | 50.00 | 50.00 |

The following items are located in storage.

| | | | |
|---|---|---|---|
| Sofa | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |
| Chair  1 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Chair  2 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Side table 1 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Side table 2 | Cal. CCP 703.140(b)(3) | 50.00 | 50.00 |
| Tea cart | Cal. CCP 703(b)(3) | 100.00 | 100.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Schedule C – Property Claimed as Exempt
Continuation page 10 of 11

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| TV cabinet | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |
| China cabinet | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |
| Mirror | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |
| Patio table | Cal. CCP 703.140(b)(3) | 150.00 | 150.00 |
| Patio chair 1 | Cal. CCP 703.140(b)(3) | 75.00 | 75.00 |
| Patio chair 2 | Cal. CCP 703.140(b)(3) | 75.00 | 75.00 |
| Lamp 1 | Cal. CCP 703.140(b)(3) | 25.00 | 25.00 |
| Lamp 2 | Cal. CCP 703.140(b)(3) | 25.00 | 25.00 |
| Sofa table | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Schedule C – Property Claimed as Exempt
Continuation page 11 of 11

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
| --- | --- | --- | --- |
| BBQ | Cal. CCP 703.140(b)(3) | 100.00 | 100.00 |
| Dining chair 1 | Cal. CCP 703.140(b)(3) | 75.00 | 75.00 |
| Dining chair 2 | Cal. CCP 703.140(b)(3) | 75.00 | 75.00 |

B 6D (Official Form 6D) (12/07)

In re  Russell Kidder                                  ,                Case No.  2:11-bk-25322-TD
                 **Debtor**                                                              **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> Frank Iannuzzi <br> 1935 Estrella de Mar Court <br> Unit A <br> Carlsbad, CA 92009 | | | 2-11-2011 <br> Secured Prom. <br> Note for $7,000 <br><br> VALUE $  5,000.00 | | | | 7,000.00 | 0.00 |
| ACCOUNT NO. <br><br><br><br> | | | VALUE $ | | | | | |
| ACCOUNT NO. <br><br><br><br> | | | VALUE $  5,000.00 | | | | | |

 0   continuation sheets
      attached

Subtotal ▶
(Total of this page)

$ 7,000.00          $ 0.00

Total ▶
(Use only on last page)

$ 7,000.00          $ 0.00

(Report also on Summary of Schedules.)     (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B 6E (Official Form 6E) (04/10)

In re  Russell Kidder                              ,              Case No.  2:11-bk-25322-TD
                    Debtor                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6E (Official Form 6E) (04/10) – Cont.

In re  Russell Kidder                                    ,        Case No. 2:11-bk-25322-TD
                    Debtor                                                          (if known)


☐ **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).


☐ **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).


☑ **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).


☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).


☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).


*\* Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*


                            1    continuation sheets attached

B 6E (Official Form 6E) (04/10) – Cont.

In re  Russell Kidder _____,    Case No.  2:11-bk-25322-TD _____
           **Debtor**                                              **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> Internal Revenue Service <br> P.O. Box 21126 <br> Philadelphia, PA 19114 | | | Federal Tax Lien | | | | 73,781.00 | 73,781.00 | 0.00 |
| Account No. <br><br> Franchise Tax Board <br> P.O. Box 2952 <br> Sacramento, CA 95812 | | | State Tax Lien | | | | 5,000.00 | 5,000.00 | 0.00 |
| Account No. <br><br> | | | | | | | | | |
| Account No. <br><br> | | | | | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule
of Creditors Holding Priority Claims

Subtotals► (Totals of this page) — $ 78,781.00 | $ 78,781.00 | 0.00

Total► (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) — $ 78,781.00

Totals► (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) — $ 78,781.00 | $ 0.00

B 6F (Official Form 6F) (12/07)

In re  **Russell Kidder**                          ,          Case No.  **2:11-bk-25322-TD**
                    **Debtor**                                                                     **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> The Cadle Co, c/o Brewer & Brewer, 4533 MacArthur, 707 Newport Beach CA 92660 | | | Judgment entered 3-28-90 in favor of Union Bank in the amount of $199,371.24 Creditor is assignee | | | | 836,731.00 |
| ACCOUNT NO. <br><br> Andrew Vilenchik 5747 W Broadway Ave Minneapolis MN 55428 | X | | Judgment entered 10-11-10. | | | | 10,209.00 |
| ACCOUNT NO. 1521 <br><br> Sima Surgery Inc. P.o. Box 352 Pacific Palisades, CA 90272 | | | Medical services. 7-25-10 to 8-04-10 | | | | 2,650.00 |
| ACCOUNT NO. 372 <br><br> Jin K. Park, MD 3663 W. 6th St., #302 Los Angeles, CA 90020 | | | Medical services. 7/26/10 | | | | 145.00 |

Subtotal▶ | $ | 849,735.00

_4_  continuation sheets attached

Total▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re  Russell Kidder                              ,        Case No.   2:11-bk-25322-TD
            **Debtor**                                                     **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 36620<br><br>Calif. Hosp. Radiology<br>540 So. Marengo<br>Pasadena, CA 91101 | | | Medical Services.  7-25-10 to 8-03-10 | | | | 1,540.00 |
| ACCOUNT NO. 4838<br><br>David A. Duarte MD<br>1414 S. Grand Ave. #375<br>Los Angeles, CA 90015 | | | Medical Services 8-05-10 | | | | 180.00 |
| ACCOUNT NO. 00082476961<br><br>California Hospital Med Ctr<br>1401 S. Grand Ave.<br>Los Angeles, CA 90015 | | | Medical Services 7-25-10 | | | | 35,671.20 |
| ACCOUNT NO. 00082492588<br><br>California Hospital Med Ctr<br>1401 S. Grand Ave.<br>Los Angeles, CA 90015 | | | Medical Services 8-03-10 | | | | 22,392.00 |
| ACCOUNT NO. 450<br><br>Mendez Transplant & Urolog<br>1245 Wilshire Blvd. #306<br>Los Angeles, CA 90017 | | | Medical Services. 7-26-10 and 7-27-10 | | | | 510.00 |

Sheet no.  1  of  4  continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ | $ 60,293.20

Total▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re  Russell Kidder                              ,          Case No.  2:11-bk-25322-TD
            **Debtor**                                                        **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 10457553<br><br>Hoag Hospital<br>One Hoag Drive<br>Newport Beach, CA 92660 | | | Medical Services<br>misc. dates through<br>12-26-08<br>(Unknown total claim amt.) | | | | 1,394.24 |
| ACCOUNT NO. F57968368<br><br>Midland Funding c/o North-land Grp., PO Box 390846<br>Minneapolis, MN 55439 | | | BankFirst Credit card<br>2006 | | | | 1,631.05 |
| ACCOUNT NO. 38170397<br><br>Golden State Anes Cons<br>P.O. 80005<br>City Industry, CA 91716 | | | Medical Services<br>7-29-10 and 8-03-10 | | | | 1,700.00 |
| ACCOUNT NO. 43886413225647 95<br><br>Capital One Bank<br>P.O. Box 71083<br>Charlotte, NC 28272 | | | Credit card<br>2006 | | | | 5,861.87 |
| ACCOUNT NO. 5291151455155 409<br><br>Capital One Bank<br>P.O. Box 71083<br>Charlotte, NC 28272 | | | Credit card<br>2006 | | | | 2,163.55 |

Sheet no. 2 of 4 continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶   $  12,750.71

Total▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re  Russell Kidder                                    ,          Case No.  2:11-bk-25332-TD
_____                                    _____
                    Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 77367500000064*622*<br><br>Action Card<br>PO Box 105555<br>Atlanta, GA 30348 | | | Credit Card<br>2006 | | | | 818.38 |
| ACCOUNT NO.<br><br>CT Corporation<br>PO Box 4349<br>Carol Stream, IL 60197 | | | Reg. Agent Services<br>various dates through<br>5-31-10<br>total amt of claim unknown | | | | 240.00 |
| ACCOUNT NO.<br><br>Gelson's<br>PO Box 1802<br>Encino | | | Charge acct.<br>various dates through<br>2009 | | | | 1,000.00 |
| ACCOUNT NO. 2140644<br><br>Business Wire, Inc.<br>44 Montgomery, 34th Flr.<br>San Francisco, CA 94104 | | | PR Distribution<br>various dates through<br>2009 | | | | 6,200.00 |
| ACCOUNT NO.<br><br>NRAI Corporate Services<br>2875 Michelle Dr., #100<br>Irvine, CA 92606 | | | Reg. Agent Services<br>various dates 10-09<br>through 9-10 | | | | 16,780.80 |

Sheet no. __3__ of __4__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $  23,039.18

Total▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re  Russell Kidder                                    ,        Case No.  2:11-bk-25322-TD
                    Debtor                                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 167347 <br><br> National Registered Agents <br> PO Box 927 <br> West Windsor, NJ 08550 | | | Reg. Agent Services <br> 4-15-10 through 3-31-11 <br><br> total claim amt. unknown | | | | 1,946.08 |
| ACCOUNT NO. 26409 <br><br> B&C Moving, Inc. <br> 71 Argonaut <br> Aliso Viejo, CA 92656 | | | storage services <br> 6-10 to 4-11 | | | | 1,210.00 |
| ACCOUNT NO. 100000201853 <br><br> LA Times c/o Caine & Weiner <br> PO Box 5010 <br> Woodland Hills, CA 91365 | | | Newspaper <br> through 3-10 | | | | 76.60 |
| ACCOUNT NO. 88546559 <br><br> Intl Media Concepts <br> PO Box <br> New Hyde Park, NY 11040 | | | Newspaper - NY Times <br> through 2-22-11 | | | | 98.79 |
| ACCOUNT NO. <br><br> | | | | | | | |

Sheet no. __4__ of __4__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $  3,331.47

Total▶  $  949,149.56
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re __Russell Kidder_____ ,  Case No. __2:11-bk-25322-TD____
        **Debtor**                                  **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

B 6H (Official Form 6H) (12/07)

In re  Russell Kidder                                   ,                    Case No.  2:11-bk-25322-TD
                    **Debtor**                                                                      **(if known)**

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| ACT Clean Technologies, Inc.<br>5412 Bolsa Avenue, Suite A<br>Huntington Beach, CA 92649 | Andrew Vilenchik<br>5747 W Broadway Ave<br>Minneapolis MN 55428 |
| Ares S. Ionides<br>5412 Bolsa Avenue, Suite A<br>Huntington Beach, CA 92649 | Andrew Vilenchik<br>5747 W Broadway Ave<br>Minneapolis MN 55428 |

B61 (Official Form 61) (12/07)

In re  Russell Kidder _____ ,     Case No.  2:11-bk-25322-TD _____
       **Debtor**                                                                      **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: Single | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation  Consultant | | |
| Name of Employer  Self-employed | | |
| How long employed  10 years | | |
| Address of Employer  1100 South Hope St., #712, Los Angeles, CA 90015 | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| | $_____ | $_____ |
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $_____ | $_____ |
| 2. Estimate monthly overtime | | |
| 3. SUBTOTAL | $_____ | $_____ |
| 4. LESS PAYROLL DEDUCTIONS | | |
|   a. Payroll taxes and social security | $_____ | $_____ |
|   b. Insurance | $_____ | $_____ |
|   c. Union dues | $_____ | $_____ |
|   d. Other (Specify): _____ | $_____ | $_____ |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $_____ | $_____ |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $_____0.00 | $_____ |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $____4,000.00 | $_____ |
| 8. Income from real property | $_____0.00 | $_____ |
| 9. Interest and dividends | $_____0.00 | $_____ |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $_____0.00 | $_____ |
| 11. Social security or government assistance (Specify):_____ | $_____0.00 | $_____ |
| 12. Pension or retirement income | $_____0.00 | $_____ |
| 13. Other monthly income (Specify):_____ | $_____0.00 | $_____ |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $____4,000.00 | $_____ |
| 15. AVERAGE MONTHLY INCOME (Add amounts on lines 6 and 14) | $____4,000.00 | $_____ |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $____4,000.00 |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

    My income varies from month to month as I perform work for clients.

_____

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Schedule I – Current Income of Individual Debtors
Attachment – 1 of 1 page

Detail of Income:

Total Income October 1, 2010 – December 31, 2010:                                 $ 9,390.00

Total Cash received January 1, 2011 – March 31, 2011:      $  4,615.00
Total Stock received January 1, 2011 – March 31, 2011:     $10,000.00

Total Income January 1, 2011 – March 31, 2011:                                      $14,615.00

Total Income October 1, 2010 – March 31, 2011:                                      $24,005.00

Average Monthly Income October 1, 2010 – March 31, 2011:                      $ 4,000.00

**B6J (Official Form 6J) (12/07)**

In re  __Russell Kidder__  ,                     Case No.  __2:11-bk-25322-TD__

    **Debtor**                                               **(if known)**

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 2,300.00 |
|    a. Are real estate taxes included?  Yes ✔  No | | |
|    b. Is property insurance included?  Yes  No ✔ | | |
| 2. Utilities:  a. Electricity and heating fuel | $ | 35.00 |
|    b. Water and sewer | $ | 0.00 |
|    c. Telephone | $ | 140.00 |
|    d. Other  internet/cable | $ | 90.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 200.00 |
| 5. Clothing | $ | 50.00 |
| 6. Laundry and dry cleaning | $ | 25.00 |
| 7. Medical and dental expenses | $ | 0.00 |
| 8. Transportation (not including car payments) | $ | 100.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 35.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | 15.00 |
|    b. Life | $ | 0.00 |
|    c. Health | $ | 0.00 |
|    d. Auto | $ | 40.00 |
|    e. Other | $ | |
| 12. Taxes (not deducted from wages or included in home mortgage payments) (Specify)  federal and state income taxes | $ | 600.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | 0.00 |
|    b. Other | $ | 0.00 |
|    c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 150.00 |
| 17. Other  storage | $ | 100.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 3,980.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---|
|    a. Average monthly income from Line 15 of Schedule I | $ | 4,000.00 |
|    b. Average monthly expenses from Line 18 above | $ | 3,980.00 |
|    c. Monthly net income (a. minus b.) | $ | 20.00 |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  Russell Kidder _____ ,    Case No.  2:11-bk-25322-TD
                    **Debtor**                              (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __40__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _April 21, 2011_                 Signature _Russell Kidder_
                                                        Debtor

Date _____          Signature: _____
                                              (Joint Debtor, if any)

[If joint case, both spouses must sign.]

-----------------------------------------------------------------

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____         _____
Printed or Typed Name and Title, if any,      Social Security No.
of Bankruptcy Petition Preparer               *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____         _____
Signature of Bankruptcy Petition Preparer              Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

-----------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __40__ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____         Signature: _____

                                              _____
                                              [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

-----------------------------------------------------------------

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

B 22A (Official Form 22A) (Chapter 7) (12/10)

In re  Russell Kidder
_____
          Debtor(s)

Case Number:  2:11-bk-25322-T D
          (If known)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ The presumption arises.
☑ The presumption does not arise.
☐ The presumption is temporarily inapplicable.

## CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
## AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor. If none of the exclusions in Part I applies, joint debtors may complete one statement only. If any of the exclusions in Part I applies, joint debtors should complete separate statements if they believe this is required by § 707(b)(2)(C).

| | Part I.  MILITARY AND NON-CONSUMER DEBTORS |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part 1A, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>   ☐ I remain on active duty /or/<br>   ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>OR<br><br>b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>   ☐ I performed homeland defense activity for a period of at least 90 days, terminating on<br>   _____, which is less than 540 days before this bankruptcy case was filed. |

B 22A (Official Form 22A) (Chapter 7) (12/10)                                                                                            2

| Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION |||
|---|---|---|

| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☑ **Unmarried. Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** |||

| All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | **Column A**<br>**Debtor's**<br>**Income** | **Column B**<br>**Spouse's**<br>**Income** |
|---|---|---|
| **3** | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $          0.00 | $ |
| **4** | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>| a. | Gross receipts | $          4,000.00 |<br>| b. | Ordinary and necessary business expenses | $          150.00 |<br>| c. | Business income | Subtract Line b from Line a | | $   3,850.00 | $ |
| **5** | **Rent and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>| a. | Gross receipts | $ |<br>| b. | Ordinary and necessary operating expenses | $ |<br>| c. | Rent and other real property income | Subtract Line b from Line a | | $          0.00 | $ |
| **6** | **Interest, dividends and royalties.** | $          0.00 | $ |
| **7** | **Pension and retirement income.** | $          0.00 | $ |
| **8** | Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose. Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $          0.00 | $ |
| **9** | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $ _____   Spouse $ _____ | $          0.00 | $ |

B 22A (Official Form 22A) (Chapter 7) (12/10)                                                    3

| | | | |
|---|---|---|---|
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | |
| | a. ⟨ ⟩ $ | | |
| | b. ⟨ ⟩ $ | | |
| | Total and enter on Line 10 | $         0.00 | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $  3,850.00 | $ |
| 12 | **Total Current Monthly Income for § 707(b)(7).** If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | $               3,850.00 | |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| | | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).** Multiply the amount from Line 12 by the number 12 and enter the result. | $  46,200.00 |
| 14 | **Applicable median family income.** Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)    a. Enter debtor's state of residence: ___CA___    b. Enter debtor's household size: _____1_____ | $  48,009.00 |
| 15 | **Application of Section 707(b)(7).** Check the applicable box and proceed as directed.    ☑ **The amount on Line 13 is less than or equal to the amount on Line 14.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.    ☐ **The amount on Line 13 is more than the amount on Line 14.** Complete the remaining parts of this statement. | |

### Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)

| | Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2) | |
|---|---|---|
| 16 | **Enter the amount from Line 12.** | $  3,850.00 |
| 17 | **Marital adjustment.** If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |
| | a. ⟨ ⟩ $ | |
| | b. ⟨ ⟩ $ | |
| | c. ⟨ ⟩ $ | |
| | Total and enter on Line 17. | $ |
| 18 | **Current monthly income for § 707(b)(2).** Subtract Line 17 from Line 16 and enter the result. | $ |

B 22A (Official Form 22A) (Chapter 7) (12/10)    4

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| | | |
|---|---|---|
| 19A | **National Standards: food, clothing and other items.** Enter on Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable number of persons. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

| | | |
|---|---|---|
| 19B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)  Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older.  (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.)  Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1.  Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2.  Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | |

| Persons under 65 years of age | | Persons 65 years of age or older | | |
|---|---|---|---|---|
| a1. | Allowance per person | a2. | Allowance per person | |
| b1. | Number of persons | b2. | Number of persons | |
| c1. | Subtotal | c2. | Subtotal | $ |

| | | |
|---|---|---|
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |

| | | |
|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| | | |
|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

B 22A (Official Form 22A) (Chapter 7) (12/10)    5

| | | |
|---|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation.<br><br>Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8.<br>☐ 0   ☐ 1   ☐ 2 or more.<br><br>If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | | |
|---|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.)<br>☐ 1   ☐ 2 or more.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | | |
| | a. | IRS Transportation Standards, Ownership Costs | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| | | | |
|---|---|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23.<br><br>Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | | |
| | a. | IRS Transportation Standards, Ownership Costs | $ |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self-employment taxes, social-security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |

B 22A (Official Form 22A) (Chapter 7) (12/10)                                                                                                                    6

| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
|---|---|---|
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare—such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service—such as pagers, call waiting, caller id, special long distance, or internet service—to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

**Subpart B: Additional Living Expense Deductions**

**Note: Do not include any expenses that you have listed in Lines 19-32**

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |
|---|---|---|
| | a. Health Insurance $ | |
| | b. Disability Insurance $ | |
| | c. Health Savings Account $ | |
| | Total and enter on Line 34 | $ |
| | **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $ _____ | |

| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
|---|---|---|
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $147.92* per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 22A (Official Form 22A) (Chapter 7) (12/10)                                                                                      7

| | | |
|---|---|---|
| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

| | | |
|---|---|---|
| | **Subpart C: Deductions for Debt Payment** | |

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | |
|---|---|---|

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. | | | $ | ☐ yes ☐ no |
| b. | | | $ | ☐ yes ☐ no |
| c. | | | $ | ☐ yes ☐ no |
| | | | Total: Add Lines a, b and c. | |

(Line 42 total) $

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |
|---|---|

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| | | | Total: Add Lines a, b and c |

(Line 43 total) $

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|

B 22A (Official Form 22A) (Chapter 7) (12/10)                                                                          8

| | Chapter 13 administrative expenses. If you are eligible to file a case under chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | |
|---|---|---|---|
| 45 | a. | Projected average monthly chapter 13 plan payment. | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| | c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b      $ |

| 46 | Total Deductions for Debt Payment. Enter the total of Lines 42 through 45. | $ |
|---|---|---|

## Subpart D: Total Deductions from Income

| 47 | Total of all deductions allowed under § 707(b)(2). Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | Enter the amount from Line 18 (Current monthly income for § 707(b)(2)) | $ |
|---|---|---|
| 49 | Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | Monthly disposable income under § 707(b)(2). Subtract Line 49 from Line 48 and enter the result | $ |
| 51 | 60-month disposable income under § 707(b)(2). Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| 52 | Initial presumption determination. Check the applicable box and proceed as directed. <br><br> ☐ The amount on Line 51 is less than $7,025*. Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. <br><br> ☐ The amount set forth on Line 51 is more than $11,725*. Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI. <br><br> ☐ The amount on Line 51 is at least $7,025*, but not more than $11,725*. Complete the remainder of Part VI (Lines 53 through 55). |
|---|---|

| 53 | Enter the amount of your total non-priority unsecured debt | $ |
|---|---|---|
| 54 | Threshold debt payment amount. Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |

| 55 | Secondary presumption determination. Check the applicable box and proceed as directed. <br><br> ☐ The amount on Line 51 is less than the amount on Line 54. Check the box for "The presumption does not arise" at the top of this statement, and complete the verification in Part VIII. <br><br> ☐ The amount on Line 51 is equal to or greater than the amount on Line 54. Check the box for "The presumption arises" at the top of this statement, and complete the verification in Part VIII. You may also complete Part VII. |
|---|---|

## Part VII: ADDITIONAL EXPENSE CLAIMS

| 56 | Other Expenses. List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | | |
|---|---|---|
| | Expense Description | Monthly Amount |
| | a. | $ |
| | b. | $ |
| | c. | $ |
| | Total: Add Lines a, b and c | $ |

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

B 22A (Official Form 22A) (Chapter 7) (12/10)                                                                 9

| Part VIII: VERIFICATION | |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)*<br><br>Date: _____     Signature: _____<br>*(Debtor)*<br><br>Date: _____     Signature: _____<br>*(Joint Debtor, if any)* |

B 7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT

### Central District of California

In re: __Russell Kidder_____ ,    Case No. __2:11-bk-25322-TD_____
　　　　　　　Debtor　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

## STATEMENT OF FINANCIAL AFFAIRS

　　　This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

　　　Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

　　　*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

　　　*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

1.　**Income from employment or operation of business**

None
☐　State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

　　　　　AMOUNT　　　　　　　　　　　　　　　　　　SOURCE

### See Attachment

2

**2.  Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                                    SOURCE

See Attachment

---

**3.  Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
☑

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within* **90 days** *immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as  part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

* *Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

3

None



c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

See Attachment

None



b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Internal Revenue Service | 07/15/2010 | Cash in the amount of $154 |

**5. Repossessions, foreclosures and returns**

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

4

**6.  Assignments and receiverships**

None 

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None 

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

**7.  Gifts**

None 

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8.  Losses**

None

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9.  Payments related to debt counseling or bankruptcy**

None ☑

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**10.  Other transfers**

None ☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.  Closed financial accounts**

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

6

**12.  Safe deposit boxes**

None



List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.  Setoffs**

None

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.   Property held for another person**

None

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.  Prior address of debtor**

None

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 92 Pine Valley Lane Newport Beach, CA 92660 | Russell Kidder | 7/1/07 - 9/30/09 |

---

**16. Spouses and Former Spouses**

None ☑ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

See Attachment

None
☑    b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19.  Books, records and financial statements**

None
☑    a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

None
☑    b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ☑  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

     NAME                                       ADDRESS

None ☑  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

     NAME AND ADDRESS                     DATE ISSUED

---

**20. Inventories**

None ☑  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

                                                  DOLLAR AMOUNT
                                                    OF INVENTORY
     DATE OF INVENTORY         INVENTORY SUPERVISOR      (Specify cost, market or other basis)

None ☑  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

                                                NAME AND ADDRESSES
                                              OF CUSTODIAN
     DATE OF INVENTORY                               OF INVENTORY RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

None ☑  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

     NAME AND ADDRESS            NATURE OF INTEREST      PERCENTAGE OF INTEREST

None ☑  b.   If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

                                              NATURE AND PERCENTAGE
     NAME AND ADDRESS                   TITLE         OF STOCK OWNERSHIP

10

**22 . Former partners, officers, directors and shareholders**

None 

a.   If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

    NAME         ADDRESS      DATE OF WITHDRAWAL

None 

b.   If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

     NAME AND ADDRESS     TITLE       DATE OF TERMINATION

---

**23 . Withdrawals from a partnership or distributions by a corporation**

None 

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

**24. Tax Consolidation Group.**

None 

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

    NAME OF PARENT CORPORATION   TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None 

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

    NAME OF PENSION FUND     TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _HPRIL 21, 2011_    Signature of Debtor _____

Date _____    Signature of Joint Debtor (if any) _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____    Signature _____

Print Name and Title _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

___continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer    Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____    _____
Signature of Bankruptcy Petition Preparer    Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Form 7 – Statement of Financial Affairs
Attachment to No. 1

| Amount | Period | Source |
|---|---|---|
| $14,615 | 1-1-11 through 4-8-11 | Self employed – consulting services |
| $46,860 | 1-1-10 through 12-31-10 | Self employed – consulting services |
| $46,752 | 1-1-09 through 12-31-09 | Self employed – consulting services |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Form 7 – Statement of Financial Affairs
Attachment to No. 2

| Amount | Period | Source |
|---|---|---|
| $-0- | 1-1-11 through 4-8-11 | Sale of Stock |
| $-0- | 1-1-10 through 12-31-10 | Sale of Stock |
| $81,378 | 1-1-09 through 12-31-09 | Sale of Stock |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Form 7 – Statement of Financial Affairs
Attachment to No. 4

| Caption of Suit And Case Number | Nature of Proceeding | Court or Agency and Location | Status or Disposition |
| --- | --- | --- | --- |
| Vilenchik vs. ACT Clean Technologies, Inc., et al 27-CO-10-5933 and 27-CO-10-5934 | Sale of Stock | State of Minnesota County of Hennipin 4th Judicial District Conciliation Court | Judgment Entered on 10-11-10 for $10,219 |
| The Cadle Company vs. Russell W. Kidder 201049234 | Enforcement of Foreign Judgment (pertains to California Case , below) | District Court 61st Judicial Dist. Harris County, Texas | Proceedings Stayed |
| Union Bank of CA vs. Russell W. Kidder 520136 | Enforcement of Judgment by Assignee, The Cadle Company | Orange County Superior Court Central Judicial District | Proceedings Stayed |

United States Bankruptcy Court
Central District of California

In re:  Russell Kidder

Chapter 7
Case No. 2-11-bk-25322-TD

Form 7 – Statement of Financial Affairs
Attachment to No. 18

| Name | Last 4 digits of Social Security or Other Individual Tax ID No. /(complete EIN) | Address | Nature of Business | Beginning and Ending Dates |
|---|---|---|---|---|
| 1.  Russell Kidder | 7887 | 1100 So. Hope St. #712 Los Angeles, CA 90015 | Consulting Services | 2000  to present (owner) |
| 2.  ACT Clean Tech., Inc. ( a Nevada corp.) | 22-3387630 | 5412 Bolsa Ave. Suite A Huntington Beach CA 92649 | Cleaning Products | 12-5-07 to present (President and a Director) |
| 3.  American Petroleum Solutions, Inc. (a Nevada corp.) | unknown | 5412 Bolsa Ave. Suite A Huntington Beach CA 92649 | Oil Spill Cleanup | 1-15-10 to present (Secretary and a Director) |
| 4.  TRAC Financial Group, Inc. (a Nevada corp.) | unknown | 16458 Bolsa Chica Rd. Huntington Beach CA 92649 | Financial Services | 12-05 to present (Secretary) |
| 5.  Asset Capital Group ( a Nevada corp.) | unknown | 16458 Bolsa Chica Rd. Huntington Beach CA 92649 | Financial Services | 7/07 to  10/07 Secretary |
| 6. Corporate Strategies Inc. (a Colorado corp.) | n/a (7887) | 90 Pine Valley Lane Newport Beach, CA 92660 | Consulting | 3/05 to 7/08 (owner) |