Lance A. Brewer CBN 125759
BREWER & BREWER
4533 MacArthur Blvd., Suite 707
Newport Beach, CA  92660
Tel (714) 424-6300
Fax (714) 424-6313

Attorneys for Creditor
THE CADLE COMPANY

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>RUSSELL KIDDER,<br><br>        Debtor. | CASE NO. 11-25322-TD<br><br>Chapter 7<br><br>POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CREDITOR THE CADLE COMPANY FOR ORDER, PURSUANT TO FED. R. BANKR. P., RULE 2004, AUTHORIZING THE CADLE COMPANY TO SUBPOENA PAPERS AND RECORDS FROM THIRD PARTIES |

[No hearing required]

Creditor THE CADLE COMPANY presents the following Points and Authorities in support of its motion, pursuant to Fed. R. Bankr. Proc, Rule 2004, for an order permitting THE CADLE COMPANY to subpoena certain described writings from certain named third parties.

//

---

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF THE CADLE COMPANY FOR ORDER,    1
PURSUANT TO FED. R. BANKR. P., RULE 2004,
AUTHORIZING THE CADLE COMPANY TO SUBPOENA
PAPERS AND RECORDS FROM THIRD PARTIES;

Points and Authorities

"On motion of any party in interest, the court may order the examination of any entity." {Fed R. Bankr. Proc., Rule 2004(a)]

That examination need not require the actual oral examination of a person, but merely the production of relevant books and records. As stated in Herron v. Blackford (5th Cir. 1959) 264 F.2d 723, 725, the Court stated:

> "Section 21 of the Bankruptcy Act, now 11 U.S.C.A. §44, sub. a [from which Rule 2004 derives], empowers the court by order to 'require any designated persons * * * to appear before the court * * * to be examined concerning the acts, conduct, or property of a bankrupt.'
>
> [Par.] <u>Under this limitation a subpoena to a 'designated' person may require the **production only** of books and records relevant and material to the acts, conduct or property of the bankrupt."</u>

(Bold and underlining added.)

"[The] purpose [of Rule 2004] is to allow inquiry into the debtor's acts, conduct or financial affairs so as to discover the existence and location of assets of the estate. See 2 Collier on Bankruptcy ¶ 343.04; In re Cupboard , Inc. (E.D. N.Y. 1991) 128 B.R. 509, 514 (quoting Cameron v. United States (1914) 231 U.S. 710, 717 (discussing § 21(a) of the Bankruptcy Act of 1898 from which Rule 2004 is partly derived) (the object of the examination of the debtor and other witnesses is 'to show the condition of the estate and to enable the Court to discover its

---

POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF THE CADLE COMPANY FOR ORDER,
PURSUANT TO FED. R. BANKR. P., RULE 2004,
AUTHORIZING THE CADLE COMPANY TO SUBPOENA
PAPERS AND RECORDS FROM THIRD PARTIES;

2

extent and whereabouts, and to come into possession of it, [so] that the rights of the creditor may be preserved'))." [In re Dinubilo (E.D. Cal. 1993) 177 B.R. 932, 940]

"The examination of an entity under this rule . . . may relate [ ] to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." [Fed. R. Bankr. Proc., Rule 2004(b)]

Third parties are subject to examination pursuant to Rule 2004 if they "possess[ ] knowledge of the debtor's acts, conduct or financial affairs so far as this relates to a debtor's proceeding in bankruptcy.' " Matter of Wilcher (Bankr. N.D. Ill. 1985) 56 B.R. 428, 434, quoting In re GHR Energy Corp. (Bankr. D. Mass 1983) 35 B.R. 534, 537; see also In re Dinubilo (E.D. Cal. 1993) 177 B.R. 932, 940, and additional cases therein cited)]

## Conclusions

The Court should make an order permitting THE CADLE COMPANY to examine certain third parties, pursuant to Fed. R. Bankr. Proc., Rule 2004, by subpoenaing documents from those third parties.

Dated: June 27, 2011                BREWER & BREWER

                                    _____
                                    Carl N. Marschall CBN 71823
                                    Attorneys for Creditor
                                    THE CADLE COMPANY

## PROOF OF SERVICE

I, RaDawn M. Aguilar, declare:

1. I am over the age of eighteen years and not a party to the above-entitled action.

2. I am employed by Brewer & Brewer in the county where mailing occurred. My business address is 4533 MacArthur Blvd., Suite 707, Newport Beach, California 92660.

3. I served a copy of the foregoing document together with a copy of this Proof of Service on the interested parties. The exact title of the foregoing document is:

    **POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CREDITOR THE CADLE COMPANY FOR ORDER, PURSUANT TO FED. R. BAKR. P., RULE 2004, AUTHORIZING THE CADLE COMPANY TO SUBPOENA PAPERS AND RECORDS FROM THIRD PARTIES**

4. A copy of the foregoing document together with this Proof of Service was placed in a sealed envelope, with affixed, prepaid first-class postage. The envelope was deposited in a mailbox at the United States Postal Service in Costa Mesa, California on July 5, 2011, and was addressed to:

    **Russell W. Kidder**
    **1100 S. Hope St. # 712**
    **Los Angeles, CA 90015-2187**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 5, 2011, at Costa Mesa, California.

RaDawn M. Aguilar

## PROOF OF SERVICE

I, RaDawn M. Aguilar, declare:

1. I am over the age of eighteen years and not a party to the above-entitled action.

2. I am employed by Brewer & Brewer in the county where mailing occurred. My business address is 4533 MacArthur Blvd., Suite 707, Newport Beach, California 92660.

3. I served the original of the following described document on the interested parties. The exact title of the document was:

   **POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF CREDITOR THE CADLE COMPANY FOR ORDER, PURSUANT TO FED. R. BAKR. P., RULE 2004, AUTHORIZING THE CADLE COMPANY TO SUBPOENA PAPERS AND RECORDS FROM THIRD PARTIES**

4. The document was served by a method of delivery providing for overnight delivery.

5. The original of the document was placed in an envelope or package designated by the express service carrier UPS which was then sealed. On July 5, 2011, the sealed envelope or package was deposited in a box or other facility regularly maintained by UPS or delivered to an authorized courier or driver authorized by UPS to receive documents. Delivery fees for delivery of the envelope or package were provided for by Brewer & Brewer.

6. The envelope or package was addressed to:

   **Hon. Thomas B. Donovan**
   **US Bankruptcy Court**
   **255 E. Temple St., Ste. 1352**
   **Los Angeles, CA 90017**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 5, 2011, at Costa Mesa, California.

_____
RaDawn M. Aguilar